UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JACOBS,

    Petitioner,

v.

ROBERT W. FOX, Warden,

    Respondent.

Case No. 15-cv-05046-YGR (PR)

**ORDER DENYING PETITONER'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING HIM EXTENSION OF TIME TO FILE OPPOSITION; AND DIRECTING RESPONDENT TO FILE RESPONSE TO PETITIONER'S MOTION FOR STAY AND ABEYANCE**

## INTRODUCTION

Petitioner, a state prison proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244. On June 13, 2016, Respondent filed a motion to dismiss the petition as untimely. Dkt. 20. In response, Petitioner has filed a "Request for an Abeyance," which is construed as a motion for a stay and abeyance. Dkt. 22. Also before the Court are Petitioner's requests (1) for appointment of counsel, and (2) for an extension of time to file his opposition to Respondent's motion to dismiss. Dkt. 19.

For the reasons outlined below, the Court orders as follows: (1) Petitioner's motion for appointment of counsel is DENIED; (2) Petitioner's motion for an extension of time to file his opposition is GRANTED; and (3) Respondent is directed to file a response to Petitioner's motion for a stay and abeyance.

## DISCUSSION

### I. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has moved for the appointment of counsel because he claims that he is "totally blind." Dkt. 21 at 1. He claims that his "disability makes it hard for [him] to read, write, and/or understand material regarding [his] case." *Id.* Library Technical Assistant ("LTA") M. McAtee assisted Petitioner in drafting the motion for appointment of counsel. *Id.*

The Court notes that, up to this point, Petitioner had been successfully litigating this action without an attorney. It seems that Petitioner has had to rely on others, such as LTA McAtee, to help him with this litigation. *See id.* Attached to his petition is a document entitled, "Disability

Placement Program Verification," which indicates that on May 4, 2012, Petitioner was evaluated for being "Blind/Vision Impaired." Dkt. 1 at 24.  While that document acknowledges the existence of Petitioner's disability of being "Blind/Vision Impaired," it notes that Petitioner has "[n]o 'effective communication' issues observed or documented in the unit health record." *Id.*  Thus, the record shows that Petitioner, who is documented to be suffering from blindness or being vision impaired, has no communication issues and has been given access to legal assistance from the prison, which would permit him to litigate his claims in federal court.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  The decision to appoint counsel is within the discretion of the district court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728.

Here, no evidentiary hearing is necessary and Petitioner has been able thus far, to represent himself effectively in this action, apparently with the assistance of others.  Petitioner's documented blindness/vision impairment, although unfortunate, does not compel the appointment of counsel at this point because he has access to persons who can and will read and write for him in prison.  *See* Dkt. 21 at 1.  The appointment of an attorney would not necessarily remove the need for a reader and writer in prison to the extent the attorney communicates with Petitioner in writing.  Petitioner needs a reader/writer, and those skills are not possessed only by attorneys.  Therefore, the Court concludes that the interests of justice do not require appointment of counsel, and Petitioner's motion for appointment of counsel is DENIED.  Dkt. 21.  This denial is without prejudice to Petitioner renewing the motion if he is unable to obtain the assistance of a reader/writer in prison to assist him in preparing his legal documents and reading the materials sent to him in this matter.

**II.    MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION**

Petitioner has filed a request for an extension of time in which to file his opposition to Respondent's motion to dismiss.  Dkt. 21 at 2.  Having read and considered Petitioner's request, and good cause appearing,

IT IS HEREBY ORDERED that Petitioner's request for an extension of time is GRANTED. The time in which Petitioner may file his opposition will be extended up to and including **November 30, 2016**. Respondent shall file a reply no later than **fourteen (14) days** after the date Petitioner's opposition is filed.

### III.   MOTION FOR STAY AND ABEYANCE

Lastly, also pending before the Court is Petitioner's motion for a stay and abeyance. Dkt. 22. Petitioner claims that "recently, [he] was made aware that there are several issues that require [him to] submit them to the lower state court[s] for exhaustion requirements." *Id.* at 1. Therefore, Petitioner requests for a stay and abeyance "so that he can meet his legal obligations of exhaustion in case no. 15-cv-05046 YGR (PR)." *Id.*

To date, Respondent has not filed a response to Petitioner's motion for stay and abeyance. No later than **fourteen (14) days** from the date of this Order, Respondent shall file a response to Petitioner's aforementioned motion. Petitioner may file a reply to Respondent's response no later than **twenty-eight (28) days** after the date the response is filed.

### CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for appointment of counsel is DENIED without prejudice to refiling if he is unable to obtain the assistance of a reader/writer in prison. Dkt. 21.

2. Petitioner's request for an extension of time is GRANTED. The time in which Petitioner may file his opposition will be extended up to and including **November 30, 2016**. Respondent shall file a reply no later than **fourteen (14) days** after the date the opposition is filed.

3. No later than **fourteen (14) days** from the date of this Order, Respondent shall file a response to Petitioner's motion for stay and abeyance. Petitioner may file a reply to Respondent's response no later than **twenty-eight (28) days** after the date the response is filed.

4. This Order terminates Docket No. 21.

IT IS SO ORDERED.

Dated: October 20, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge