UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACOBS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT W. FOX, Warden,<br><br>　　　　Respondent. | Case No. 15-cv-05046-YGR (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR AN ABEYANCE; AND SETTING BRIEFING SCHEDULE** |

## I.  INTRODUCTION

Petitioner Michael Jacobs, a state prisoner, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss on the ground that it is time-barred under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 20.  In lieu of filing an opposition to the motion, Petitioner filed a request for a stay and abeyance of his federal habeas proceedings.  Dkt. 22.  Respondent filed an opposition to Petitioner's request for a stay and abeyance.  Dkt. 24.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss without prejudice to refiling it and addressing the equitable tolling issues below, and DENIES without prejudice Petitioner's motion for a stay and abeyance.

## II.  BACKGROUND

The Alameda County District Attorney charged Petitioner with six counts stemming from the 1999 robberies, theft and attempted robbery of several different older women.  Resp't Ex. 1 at 1. Three of the charges carried enhancements alleging that the victim was 65 years of age or older (Cal. Penal Code § 667.9(a).  *Id.*  The amended information also alleged six prior convictions.  *Id.* Petitioner confessed to the crimes when he was arrested.  *Id.*

An Alameda County jury was sworn on December 6, 2001, but five days later, on December 11, 2001, Petitioner entered a plea of no contest to all six counts and admitted the enhancements and the six prior convictions.  *Id.* 1-2.  There was no agreement as to sentence.  *Id.* at 2.  After denying a

1   motion to dismiss the prior strikes pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497
2   (1996), the court sentenced Petitioner under California's Three Strikes law to five consecutive terms of
3   25 years to life and one concurrent term of 25 years to life. *Id.* The court imposed additional terms for
4   the enhancements, computed custody credits and imposed two fines. *Id.* The total prison term was
5   131 years 8 months to life. *Id.*

On August 7, 2003, the California Court of Appeal affirmed the judgment of conviction, and ordered clerical and calculation errors to be corrected on the abstract of judgment. Resp't Ex. 1 at 6-8. On October 22, 2003, the California Supreme Court denied review. Resp't Ex. 2.

In 2004, Petitioner filed two habeas petitions in Alameda County Superior Court. Resp't Ex. 3. The state superior court consolidated the petitions on August 10, 2004, and denied both on October 12, 2004. *Id.*

On November 8, 2004, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on November 17, 2004. Resp't Ex. 4.

On December 3, 2004, Petitioner filed a habeas petition in the California Supreme Court, which was denied on October 12, 2005. Resp't Ex. 5.

On October 21, 2015, Petitioner filed the current petition in this Court. Dkt. 1.[1]

### III.   RESPONDENT'S MOTION TO DISMISS

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the

---

[1] Petitioner neither signed his federal petition nor specified the date on which he submitted it to prison authorities for filing. Therefore, without such information, the Court deems it filed on October 21, 2015, the date of filing. *Cf. Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). On March 16, 2016, Petitioner complied with the Clerk of the Court's directions to provide a signed copy of the petition. Dkt. 15.

constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must satisfy the AEDPA statute of limitations. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the ninety-day period during which a criminal appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he or she actually files such a petition or not. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the 90-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period. Fed. R. Civ. P. 6(a). This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year. *Patterson*, 251 F.3d at 1246.

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, he bears the burden of demonstrating that the limitations period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005).

In the present case, the California Supreme Court denied review on October 22, 2003. The judgment became final for purposes of the AEDPA statute of limitations ninety days later, on January 20, 2004. *See id.* The one-year limitations period, therefore, began to run on that date. Accordingly, Petitioner had until January 20, 2005 to file his federal petition. *See* 28 U.S.C. § 2244(d). Because he did not file the present petition until October 21, 2015—more than ten years after the limitations period had expired—is untimely absent tolling.

### A. Statutory Tolling

AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)). This includes the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). In California, where prisoners generally use the state's "'original writ' system," this means that the limitation period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. *See id.* at 220-23; *see also Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999) (limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level").

After *Carey*, a state habeas petition is pending "[i]n the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted). But if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. *See id.* at 1046-47, 1048; *see also Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (not tolling limitation period during gap between successive state habeas petitions filed in the same court).

After Petitioner's process of direct review came to an end on October 22, 2003, Petitioner filed two habeas petitions in the Alameda County Superior Court, and Respondent correctly notes that the record does not indicate the exact dates on which these petitions were filed. Therefore, Respondent assumes that the earliest date Petitioner could have filed his state superior court habeas petitions would have been January 20, 2004, the end of the ninety-day period during which he could have filed a petition for a writ of certiorari. Under *Carey* and its progeny, the one-year limitation period could be tolled under section 2244(d)(2) until the California Supreme Court denied Petitioner's round of state habeas review on October 12, 2005. After the California Supreme Court denied Petitioner's habeas petition on October 12, 2005, Petitioner had 365 days to file a federal habeas petition on time. If Petitioner were entitled to statutory tolling the entire time he completed a full round of state collateral review, then he should have file his federal habeas petition by October 12, 2006. However, the instant federal habeas petition filed on October 21, 2015 is still untimely by nine years unless equitable tolling applies.

### B. Equitable Tolling

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness, . . . and that the extraordinary circumstances

1    made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)

2    (internal quotation marks, brackets and citations omitted).

3    In *Laws v. Lamarque*, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Law's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The Ninth Circuit found that the allegations of the verified state petition attached to Law's traverse, stating that he was "deprived [] of any kind of cons[ci]ousness" during the period when his petitions should have been filed, may be treated as an affidavit in opposition to the motion to dismiss. *Id.* (citing *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987)). The Ninth Circuit determined that a district court should not require the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. *Laws*, 351 F.3d at 924. Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. *Id.* (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding)). The Ninth Circuit found that the district court erred in granting judgment against Laws based upon the papers before it and that "[i]t [was] enough that Laws 'alleged mental competency' in a verified pleading." *Laws*, 351 F.3d at 924 (citations omitted). Therefore, the Ninth Circuit held that Laws was entitled to further factual development or an evidentiary hearing on the issue of whether he was precluded from filing his petition by reason of mental impairment. *Id.*

In the present case, Petitioner has presented allegations in a verified affidavit that he is "visually impaired, and has been subjected to great difficulty obtaining any type of assistance from the [California Department of Corrections of Rehabilitation ("CDCR")] or their official[s]." Dkt. 22 at 1. Petitioner's physical ailment, i.e., his blindness, and the aforementioned lack of legal assistance from the CDCR could constitute extraordinary circumstances sufficient to warrant equitable tolling. However, the Court finds that Respondent has not sufficiently addressed whether Petitioner is entitled to equitable tolling based on such allegations.

6

In sum, in the instant case, it is conceivable that equitable tolling might be warranted because Petitioner was prevented from preparing a timely petition due to his blindness and lack of access to legal assistance. The Court finds that Respondent has not addressed whether Petitioner is entitled to equitable tolling based on his aforementioned allegations. Accordingly, the Court DENIES Respondent's motion to dismiss without prejudice to renewing the motion and addressing the aforementioned equitable tolling issues.

### IV. PETITIONER'S REQUEST FOR A STAY AND ABEYANCE

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and request the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, notwithstanding the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines*, "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* Any such stay must be limited in time to avoid indefinite delay. *Id.* The Ninth Circuit recently ruled that a petitioner with a fully unexhausted petition might be able to invoke the stay and abeyance procedure in *Rhines*. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). Thus, under current circuit law, the district court may grant a stay and abeyance for either a mixed or wholly

unexhausted petition, if the petitioner shows good cause. The district court may grant a stay and abeyance for a fully exhausted petition without a showing of good cause, if it determines that is an appropriate exercise of discretion.

A *King/Kelly* stay provides an alternative method of addressing cases where a petitioner has some unexhausted claims he desires to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 659 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141.

Here, as mentioned above, Petitioner has submitted a request for a stay and abeyance. Dkt. 22. However, he fails to explain how he satisfies the *Rhines* criteria or show that he complies with the *King/Kelly* requirements. Though not entirely clear, it appears that Petitioner seeks a stay pursuant to *Rhines*. *See* Dkt. 22. As explained above, under *Rhines*, a mixed or fully unexhausted petition may be stayed only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citations omitted). Good cause does not require "extraordinary circumstances." *Id.* at 1024. However, the failure to exhaust based on reasons such as the petitioner believed that his counsel included all of the issues raised before the California Court of Appeal in his petition to the California Supreme Court does not constitute good cause. *Id.* Such a broad interpretation of "good cause" would allow routine stays of habeas

petitions and would undermine the goals of AEDPA, which authorizes stays of such petitions only in "limited circumstances." *Id.* The burden is on the petitioner to demonstrate good cause for his failure to exhaust state court remedies, to show that the unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

While Respondent did not raise such an argument in the pending motion to dismiss, Respondent now argues that the instant petition in this case is unexhausted, stating as follows:

> Petitioner apparently presented his current claim to the Alameda County Superior Court. *See* Doc. 1 at 17, Exh. 1. However, the California appellate court website has no record of any proceedings filed by petitioner after 2005. Thus, he failed to present his claim to the California Supreme Court, as required to exhaust that claim. *Wooten v. Kirkland*, 540 F.3d at 1025.

Dkt. 24 at 3. Respondent acknowledges that this argument was not raised in the pending motion to dismiss, stating:

> We did not rely on this ground in our motion to dismiss because, unlike lack of exhaustion, untimeliness is a threshold issue that requires dismissal with prejudice. *See also Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("Unless a court has ordered otherwise, separate motions to dismiss may be filed asserting different affirmative defenses.").

*Id.* at note 3. Nevertheless, the Court has denied the pending motion to dismiss based on untimeliness, and Respondent may re-file their motion to dismiss in which they may choose to raise the ground that the petition is unexhausted. In any event, the Court first points out that Petitioner has failed to provide any allegations from which the Court can determine good cause for a *Rhines* stay. Petitioner has not explained why he failed to exhaust his new claims. In fact, he does not state what the new claims are, and offers no reason why he did not exhaust them earlier. As mentioned above, he has pursued a full round of state habeas review in the superior, appellate, and supreme courts. Second, Petitioner fails to allege whether he is entitled to a *King/Kelly* stay.

Based on the foregoing, the Court finds that Petitioner's request for a stay and abeyance is DENIED. However, in the interests of justice, the denial is without prejudice to filing a renewed motion for a stay so that he may show how he satisfies the *Rhines* criteria or complies with the *King/Kelly* requirements. Respondent points out that even if Petitioner is granted a stay and

9

completes the exhaustion process, it is likely his new claims would be "more untimely that the current claim." Dkt. 24 at 4. Thus, in the event that a stay is granted and if Petitioner seeks to amend the petition to add the new claims after completing the exhaustion process, he shall also indicate whether he can in good faith allege facts demonstrating equitable tolling of the limitations period as to these new claims.

## V.     CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely (dkt. 20) is DENIED without prejudice to renewing the motion and addressing the equitable tolling issues set forth above no later than **twenty-eight (28) days** of the date of this Order. If Respondent chooses to file a renewed motion, Petitioner shall file an opposition, no later than **twenty-eight (28) days** of his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14) days** of receipt of any opposition.

2. Should Respondent fail to file a renewed motion to dismiss within the twenty-eight-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be granted. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision sixty days after the date Petitioner is served with Respondent's Answer.

4. Petitioner's motion for a stay and abeyance is DENIED without prejudice. Dkt. 22. No later than **twenty-eight (28) days** from the date of this Order, Petitioner may file a renewed motion for a stay which explains how he complies with either the *Rhines* or *King/Kelly*

1 requirements. In the event that a stay is granted and if Petitioner seeks to amend the petition to add the new claims after completing the exhaustion process, he shall also indicate whether he can in good faith allege facts demonstrating equitable tolling of the limitations period as to these new claims.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. This Order terminates Docket Nos. 20 and 22.

IT IS SO ORDERED.

Dated: January 25, 2017

YVONNE GONZALEZ ROGERS
United States District Judge

11